Ehson Salaami, Esq. (SBN: 265717)
ehson@mincal.com
Amir Vafaei, Esq. (SBN: 259406)
amir@mincal.com
**MinCal Consumer Law Group**
1630 Copa De Oro Drive, Suite A
San Diego, CA 92037
Telephone:  (888) 678-5550
Facsimile:  (888) 678-6885

Attorneys for Plaintiff

*Filed*

*SEP 2 8 2012*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*SAN JOSE*

*Paid*
*$*
*99*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| David Hendricks<br><br>                    Plaintiff,<br><br>v.<br><br>Fair Collections & Outsourcing,<br>Inc., dba FCO<br><br>                    Defendant. | Case No.:<br>**CV12-05056**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

**HRL**

### INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter

**ORIGINAL**

MINCAL CONSUMER LAW GROUP
San Diego, California

1    "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

2    to insure that those debt collectors who refrain from using abusive debt

3    collection practices are not competitively disadvantaged, and to promote

4    consistent State action to protect consumers against debt collection abuses.

5  2.   The Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 *et seq.*

6    ("Rosenthal Act") was enacted in 1976 to ensure the integrity of our banking

7    and credit industry. Cal. Civil Code § 1788.1(a)(i).   The Legislature found:

8    "Unfair or deceptive debt collection practices undermine the public

9    confidence which is essential to the continued functioning of the banking and

10    credit system and sound extensions of credit to consumers." *Id.*

11  3.   This lawsuit also involves Defendant's willful, knowing, and/or negligent

12    violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

13    (hereinafter "FCRA"), which relates to the dissemination of consumer credit

14    and other financial information.

15  4.   This lawsuit also involves Defendant's willful, knowing, and/or negligent

16    violation of the Telephone Consumer Protection Act, 47 U.S.C. § 277 *et seq.*

17    (hereinafter "TCPA").

18  5.   David Hendricks, ("Plaintiff"), through Plaintiff's attorneys, brings this action

19    to challenge the actions of Fair Collections & Outsourcing, Inc., ("Defendant"

20    or "FCO"), with regard to attempts by Defendant to unlawfully and abusively

21    collect a debt allegedly owed by Plaintiff, Defendant's false and/or inaccurate

22    reporting on Plaintiff's credit reports and Defendant's failure to conduct

23    reasonable investigation with respect to such information, Defendant's

24    contacts with Plaintiff via an automated dialer and/or artificial or prerecorded

25    voice, and this conduct caused Plaintiff damages.

26  6.   Plaintiff makes these allegations on information and belief, with the exception

27    of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which

28    Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. For the purpose of this Complaint, unless otherwise indicated, "Defendant(s)" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

10. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), the Telephone Consumer Protection Act, 47 U.S.C. § 277 *et seq.* ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

11. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims, pursuant to 28 U.S.C. § 1367 and rule 18(a) of the Federal Rules of Civil Procedure.

12. Venue is proper in this Court because a substantial part of the claim arose in California, and Defendant does business within the State of California.

13. Venue is proper pursuant to 28 U.S.C. § 1391.

14. This action should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which give rise to this action occurred in Santa Clara County.

MINCAL CONSUMER LAW GROUP
San Diego, California

## PARTIES

15. Plaintiff is a natural person who resides in the City of Campbell, County of Santa Clara, State of California.

16. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

18. Plaintiff is a "consumer," as defined by the FCRA § 603, codified as 15 U.S.C. § 1681a(c).

19. Defendant is located in the City of Beltsville, the County of Prince Georges, and the State of Maryland.

20. Defendant FCO does business in California, and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

21. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

22. The Defendant is a "debt collector" within the meaning of Civil Code § 1788.2( c), in that Defendant regularly and in the ordinary course of business, on behalf of themselves or others, engaged in acts and practices in connection with the collection of consumer debts, and that Defendant is not an attorney nor counselor at law.

23. The alleged debt which the Defendant attempted to collect from Plaintiff is a "consumer debt" within the meaning of Civil Code § 1788.2(f), in that it was incurred primarily for personal, family, or household purposes.

MINCAL CONSUMER LAW GROUP
San Diego, California

24. For purposes of this Complaint, whenever Defendant contacted Plaintiff directly by telephone, Defendant reached Plaintiff's cellular telephone via an "automatic telephone dialing system," as that phrase is defined by 47 U.S.C. § 227(a)(1) and used "an artificial or prerecorded voice."

### FACTUAL ALLEGATIONS

25. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

26. At all times relevant, Defendant conducted business within the State of California.

27. On or before June 30, 2011, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely, a debt for monthly rent.

28. The purported financial obligations that Defendant attempted to collect from Plaintiff were allegedly incurred for personal, family, or household purposes, and is a "debt," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(5).

29. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

30. Sometime before August 1, 2011, Plaintiff allegedly fell behind in the payments and the alleged debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff. Plaintiff currently takes no position as to the validity of this alleged debt.

31. On or about August 9, 2011, Plaintiff received a telephone call from Defendant's agent "Dana Hill" identifying herself as an agent of Defendant

MinCal Consumer Law Group
San Diego, California

MinCal Consumer Law Group
San Diego, California

1    and that the call was an attempt to collect a debt. Ms. Hill referenced an

2    important business matter and requested Plaintiff return her call.

3    32.   This call was a "communication" because it was an attempt to collect a debt

4    as that term is defined by 15 U.S.C. § 1692a(2), and a "debt collection" as

5    that phrase is defined by Cal. Civ. Code § 1788.2(b), that term is defined by

6    15 U.S.C. § 1692a(2). Further, it was an "initial communication" consistent

7    with 15 U.S.C. § 1692g(a).

8    33.   This communication was a "debt collection" as Cal. Civ. Code 1788.2(b)

9    defines that phrase, and an "initial communication" consistent with Cal. Civ.

10    Code § 1812.700(b).

11    34.   Later that day, Plaintiff returned Defendant's phone call. During this call,

12    Defendant told Plaintiff that he owed "$1,269.92."

13    35.   Defendant's statements were false, deceptive, harassing and illegal

14    communications in an attempt to collect this debt, all done in violation of

15    numerous and multiple provisions of the FDCPA, including but not limited to

16    15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

17    36.   In addition, Defendant made false representation concerning the character,

18    amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C.

19    § 1692e(2)(A).

20    37.   Furthermore, Defendant used an unfair or unconscionable means to collect or

21    attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. §

22    1692f.

23    38.   Because Defendant's conduct violated 15 U.S.C. §§ 1692e, 1692e(10),

24    1692e(2)(A), and 1692f, Defendant also violated Cal. Civ. Code § 1788.17.

25    39.   Plaintiff disputed the debt on the phone, requested validation and not to be

26    called again.

27    40.   Defendant FCO, without providing Plaintiff validation of the debt nor

28    following Plaintiff's request not to be contacted via telephone, called Plaintiff

eighteen (18) more times with automated phone calls, reaching Plaintiff's cell phone, that were harassing and frequent in nature occurring on or about:

### Harassing Automated Phone Calls to Plaintiff

| | | |
|---|---|---|
| August 19, 2011 | September 14, 2011 | September 28, 2011 |
| August 22, 2011 | September 16, 2011 | October 5, 2011 |
| August 24, 2011 | September 19, 2011 | December 31, 2011 |
| September 2, 2011 | September 20, 2011 | January 12, 2012 |
| September 6, 2011* | September 22, 2011 | January 20, 2012 |
| September 8, 2011 | September 26, 2011 | |

\* Defendant placed two calls to Plaintiff on this date.

41. Through this conduct of repeated phone calls, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

42. Because this conduct violated 15 U.S.C. § 1692d, Defendant also violated Cal. Civ. Code § 1788.17.

43. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

44. Because this conduct violated 15 U.S.C. § 1692d(5), Defendant also violated Cal. Civ. Code § 1788.17.

45. On or about January 20, 2012, Plaintiff returned Defendant's phone call placed to him from earlier that day. Plaintiff inquired as to Defendant's violation of his cease and desist request, and Defendant's failure to provide him with validation of the alleged account. In response, Defendant told

MinCal Consumer Law Group
San Diego, California

1    Plaintiff that he owed "$1,269.92" and that they would send Plaintiff
2    validation.

46.   On or about January 23, 2012, Plaintiff received an email with an attachment
      containing a letter from Defendant.  This letter was a "communication" as 15
      U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is
      defined by Cal. Civ. Code § 1788.2(b).

47.   Defendant sent eight (8) more identical letters on January 30, April 12, April
      26, May 29, June 25, July 11, July 20, and July 31, of 2012.

48.   In these letters, Defendant stated Plaintiff had an account balance of
      "$1,269.92."

49.   Defendant's statements were false, deceptive, harassing and illegal
      communications in an attempt to collect this debt, all done in violation of
      numerous and multiple provisions of the FDCPA, including but not limited to
      15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

50.   Through this conduct, Defendant made a false representation concerning the
      character, amount, or legal status of a debt.  Consequently, Defendant violated
      15 U.S.C. § 1692e(2)(A).

51.   Through this conduct, Defendant used an unfair or unconscionable means to
      collect or attempt to collect any debt.  Consequently, Defendant violated 15
      U.S.C. § 1692f.

52.   Because this conduct violated 15 U.S.C. §§ 1692e(2)(A), 1692e, 1692e(10),
      and 1692f, Defendant also violated Cal. Civ. Code § 1788.17.

53.   Defendant FCO, continued to contact Plaintiff twenty-four (25) more times
      through automated phone calls, reaching Plaintiff's cell phone.  These calls
      were harassing and frequent in nature, which occurred  on or about:

MinCal Consumer Law Group
San Diego, California

MINCAL CONSUMER LAW GROUP
San Diego, California

*Additional Harassing Automated Phone Calls to Plaintiff*

| January 23, 2012 | February 16, 2012 | May 5, 2012 |
|---|---|---|
| January 24, 2012*  (5:06 A.M.) | February 17, 2012 | May 25, 2012 |
| January 25, 2012 | February 21, 2012 | June 13, 2012 |
| January 27, 2012 | February 22, 2012 | July 5, 2012 |
| January 31, 2012 | March 16, 2012 | July 11, 2012 |
| February 6, 2012*  (5:43 A.M.) | March 28, 2012 | August 13, 2012** |
| February 7, 2012*  (5:12 A.M.) | March 30, 2012 | August 27, 2012** |
| February 9, 2012*  (5:23 A.M.) | April 11, 2012 | |
| February 15, 2012 | April 19, 2012 | |

\* Calls placed to Plaintiff before 8:00 A.M. in violation of FDCPA/RFDCPA.

\*\* Calls placed to Plaintiff after Cease & Desist Letter was received by Defendant.

54.   Defendant placed at least four (4) phone calls to Plaintiff before 8:00 A.M., as detailed above, on January 24, 2012, February 6, 2012, February 7, 2012, and February 9, 2012.

55.   Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

MINCAL CONSUMER LAW GROUP
San Diego, California

56. Because this conduct violated 15 U.S.C. § 1692c(a)(1), Defendant also violated Cal. Civ. Code § 1788.17.

57. On or about February 16, 2012, Defendant left a message for Plaintiff at his place of employment with his coworker stating that Fair Collections and Outsourcing was calling regarding a business matter.

58. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt at the consumer's place of employment when Defendant knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communication. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(3).

59. Because this action violated the language in the language in 15 U.S.C. § 1692c(a)(3), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c(a)(3).

60. In addition, and except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

61. Because this action violated the language in the language in 15 U.S.C. § 1692c(b), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c(b).

62. On or about February 20, 2012, Defendant called Plaintiff's mother. Defendant already had all of Plaintiff's contact information, including phone

MINCAL CONSUMER LAW GROUP
San Diego, California

numbers and addresses. Despite this, Defendant contacted Plaintiff's mother and in a demanding tone requested all sorts of personal information that led Plaintiff's mother to believe someone wanted to perpetrate identity theft with Plaintiff's personal information.

63. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

64. Because this action violated the language in the language in 15 U.S.C. § 1692c(b), Defendant also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c(b).

65. Furthermore, on or about July 16, 2012, Plaintiff wrote and mailed Defendant a certified letter which requested Defendant cease and desist all telephone communications with him.

66. Defendant received Plaintiff's cease and desist letter on or about July 20, 2012. Even after Defendant was notified in writing that Plaintiff refused to pay the alleged debt or wished Defendant to cease further communication with the consumer, Defendant continued its communications with respect to such debt, for a purpose other than enumerated in 15 U.S.C. § 1692c(c) as detailed above on August 13, 2012, and August 27, 2012. Consequently, Defendant violated 15 U.S.C. § 1692c(c).

67. Because this conduct violated 15 U.S.C. § 1692c(c), Defendant also violated Cal. Civ. Code § 1788.17.

MINCAL CONSUMER LAW GROUP
San Diego, California

### TCPA VIOLATIONS

68.   Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. §227(b) (1) (A), for at least four telephone calls made to Plaintiff referenced above in 2012, particularly on July 5, July 11, August 13, and August 27.

69.   The telephone number Defendant called connected to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

70.   These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b) (1) (A) (i).

71.   Plaintiff did not provide prior express consent to receive calls on his number, pursuant to 47 U.S.C. §227(b) (1) (A).

72.   These telephone calls by Defendant violated 47 U.S.C. §227(b)(1).

73.   Plaintiff was harmed by the acts of Defendant in at least the following ways: (a) Defendant illegally contacted Plaintiff by reaching Plaintiff's cellular phone which caused Plaintiff to incur certain cellular telephone charges, or (b) Defendant's calls reduced cellular telephone time for which Plaintiff had previously paid for, or (c) Plaintiff had to retrieve or administer messages left by Defendant and these illegal calls invaded Plaintiff's privacy.

74.   Defendant's calls to Plaintiff and engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass him caused Plaintiff damage, including stress and anxiety.

### FCRA VIOLATIONS

75.   On or before May 30, 2012, Plaintiff obtained a copy of his credit reports and noticed Defendant was reporting an inaccurate balance/account on his reports.

76.   Defendant was falsely reporting to the consumer reporting agencies that Plaintiff owed "$1270.00."

MinCal Consumer Law Group
San Diego, California

77. On or about July 10, 2012, Plaintiff initiated an investigation request by sending a letter to each of the consumer reporting agencies (TransUnion, Equifax, and Experian) disputing the account balance stating in each letter that the balance was reported erroneously because of the way prorated rent was calculated.

78. During the course of the investigation that was performed by each of the consumer reporting agencies, the consumer reporting agencies forwarded to Defendant all relevant information regarding the dispute of the alleged debt that Plaintiff had provided them, and thus Defendant received notice of the dispute from the consumer reporting agencies.

79. During the course of the investigation initiated by Plaintiff, Defendant received a Consumer Dispute Verification Form ("CDV") from each of the three consumer reporting agencies regarding Plaintiff's alleged account debt that was being reported to them by Defendant.

80. In response to the CDV that it received from each of the three consumer reporting agencies regarding the alleged account debt, Defendant purported to conduct an investigation of Plaintiff's dispute within thirty (30) days of its receipt of the CDV form.

81. Defendant, through its employees that participated in investigating Plaintiff's dispute and completing the CDV, falsely verified to each of the consumer reporting agencies that Plaintiff owed "$1270.00" to Defendant on the account.

82. Specifically, in response to the investigation request, Plaintiff received letters as follows:

83. On July 18, 2012, Equifax wrote Plaintiff informing him that Defendant had verified the account balance reported by Defendant on his credit report to be accurate.

MINCAL CONSUMER LAW GROUP
San Diego, California

84. On July 24, 2012, TransUnion wrote Plaintiff informing him that Defendant had verified the account balance reported by Defendant on his credit report to be accurate and "verified" with "no changes."

85. On July 25, 2012, Experian wrote Plaintiff informing him that Defendant had verified the account balance reported by Defendant on his credit report to be accurate and it "remains" on the report.

86. In July 2012, Defendant misrepresented the truth and reported false credit information to the consumer reporting agencies, alleging that Plaintiff owed a balance of "$1270.00" on the account.

87. Any reasonable investigation by Defendant, as to the accuracy of the alleged debt being reported would have revealed that Plaintiff did not owe Defendant the balance that it was reporting on the account.

88. Defendant did not perform a reasonable investigation of Plaintiff's dispute, and did not consider information reasonably available to Defendant when it "verified" to the consumer reporting agencies that Plaintiff owed Defendant "$1270.00" on the alleged account.

89. Defendant continues to falsely report that Plaintiff owes a balance of "$1270.00" to the consumer reporting agencies.

90. Plaintiff was damaged and continues to be damaged by Defendant's false reporting.

### Summary

91. All of the above-described communications were made by Defendant to harass Plaintiff in an effort to collect an alleged debt. These communications were made in violation of numerous and multiple provisions of the FDCPA , FCRA, RFDCPA, and TCPA, including but not limited to all of the above cited provisions, amongst others.

92. The above-detailed conduct by Defendants harassing Plaintiff in an effort to collect this alleged debt was an invasion of Plaintiff's privacy by intrusion

MINCAL CONSUMER LAW GROUP
San Diego, California

1    upon seclusion and by intruding upon Plaintiff's right to be left alone and has

2    resulted in actual damages to Plaintiff.

3   93.   Plaintiff has experienced anger, anxiety, sleeplessness, nervousness,

4    hopelessness, fear, frustration, despair, depression, humiliation,

5    embarrassment, amongst other negative emotions, as well as suffered from

6    unjustified and abusive invasions of personal privacy.

7                 **COUNT I**

8   **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

9               **15 U.S.C. §§ 1692 ET SEQ.**

10  94.   Plaintiff repeats, re-alleges, and incorporates by reference, all other

11     paragraphs.

12  95.   The foregoing acts and omissions constitute numerous and multiple violations

13     of the FDCPA, including but not limited to each and every one of the above-

14     cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

15  96.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to

16     statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §

17     1692k(a)(2)(A); any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and

18     reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

19     Defendant.

20                  **COUNT II**

21  **WILLFUL NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT (FCRA)**

22              **15 U.S.C. §§ 1681 ET SEQ.**

23  97.   Plaintiff repeats, re-alleges, and incorporates by reference, all other

24     paragraphs.

25  98.   The foregoing acts and omissions constitute numerous and multiple willful or

26     reckless violations of the FCRA, including but not limited to 15 U.S.C § 1681

27     s-2(b), and each and every one of the above-cited provisions of the FCRA, 15

28     U.S.C § 1681.

99. As a result of each and every violation of the FCRA, Plaintiff is entitled to any actual damages sustained, or statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## COUNT III

### NEGLIGENT NONCOMPLIANCE WITH THE FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. §§ 1681 ET SEQ.

100. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

101. The foregoing acts and omissions constitute numerous and multiple negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

102. As a result of each and every violation of the FCRA, Plaintiff is entitled to any actual damages sustained pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

## COUNT IV

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

103. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

104. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32.

105. As a result of each and every violation of the FDCPA, Plaintiff is entitled to statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); any actual damages

MINCAL CONSUMER LAW GROUP
San Diego, California

1  pursuant to Cal. Civ. Code § 1788.30(a); and reasonable attorney's fees and

2  costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### COUNT V

### CREDIT DEFAMATION

106. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

107. Defendant's foregoing actions and omissions, including but not limited to reporting errors on Plaintiff's credit reports, constitute credit defamation.

108. Defendant's foregoing actions and omissions were intentional and malicious.

109. As a result of Defendant's intentional and malicious credit defamation, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to Plaintiff's credit rating and emotional distress.

### COUNT VI

### INVASION OF PRIVACY

### INTRUSION UPON SECLUSION

110. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

111. Plaintiff had a reasonable expectation of privacy while some of the above conduct took place.

112. Defendant intentionally intruded into this expectation of privacy.

113. Defendant intrusion would be highly offensive to a reasonable person.

114. Plaintiff was harmed.

115. The conduct of Defendant was a substantial factor in causing Plaintiff this harm.

MINCAL CONSUMER LAW GROUP
San Diego, California

MINCAL CONSUMER LAW GROUP
San Diego, California

## COUNT VII

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. §§ 277 *ET SEQ.*

116. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

117. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above- cited provisions of 47 U.S.C. § 227 et seq.

118. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (B).

119. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

120. Plaintiff also seeks other and further relief this honorable Court deems appropriate.

## COUNT VIII

### WILLFUL OR KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. §§ 277 *ET SEQ.*

121. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

122. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

123. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory

1    damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B)

2    and 47 U.S.C. § 227(b)(3)(C).

3  124. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct

4    in the future.

5  125. Plaintiff also seeks other and further relief this honorable Court deems

6    appropriate.

7                              **PRAYER FOR RELIEF**

8  WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and

9  Plaintiff be awarded damages from Defendant, as follows:

10   •    An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

11        1692k(a)(2)(A);

12   •    An award of costs of litigation and reasonable attorney's fees, pursuant

13        to 15 U.S.C. § 1692k(a)(3);

14   •    An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

15   •    An award of actual damages or statutory damages of $1,000.00 pursuant

16        to 15 U.S.C. § 1681n(a)(1)(A);

17   •    An award of costs of litigation and reasonable attorney's fees, pursuant

18        to 15 U.S.C. § 1681n(a)(3);

19   •    An award of actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

20   •    An award of costs of litigation and reasonable attorney's fees, pursuant

21        to 15 U.S.C. § 1681o(a)(2);

22   •    An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code

23        § 1788.30(b);

24   •    An award of costs of litigation and reasonable attorney's fees, pursuant

25        to Cal. Civ. Code § 1788.30(c);

26   •    An award of actual damages pursuant to California Civil Code §

27        1788.30(a);

28

MINCAL CONSUMER LAW GROUP
San Diego, California

- • An award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;
- • An award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (B);
- • An award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b) (3)(C);
- • Injunctive relief;
- • Special, general, compensatory and punitive damages;
- • For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

126. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: 9/26/12

**MinCal Consumer Law Group**

By: _Ehson Salaami_
Ehson Salaami
**Attorneys for Plaintiff**

MinCal Consumer Law Group
San Diego, California